UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN BELL,                     )
   Plaintiff,                    )
                             )
   vs.                           )            No. 20-4021
                             )
BLAINE MCKINNEY, et al.,          )
   Defendants                    )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The
Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through
such process to identify and dismiss any legally insufficient claim, or the entire action if
warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state
a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges six Defendants violated his constitutional rights at the Knox
County Jail including Deputy Blaine McKinney, Deputy Brad Abernathy, Deputy John
Doe, Jail Administrator Louis Glossip, Nurse Tracey Burgard, and Nurse Jane Doe.
Plaintiff claims the Defendants violated his First, Fourth, Eighth, and Fourteenth
Amendment rights.

Plaintiff first alleges Defendants McKinney, Abernathy, and Deputy Joe Doe
used excessive force on December 6, 2019 when they grabbed both of his wrists and
tackled him to the floor causing "permanent damage" to his left shoulder. (Comp, p. 7).
Plaintiff says he was talking to another officer when the officers "ambushed me with a

sneak attack." (Comp, p. 7). Plaintiff has adequately alleged the three Defendants used excessive force against him on December 6, 2019.

Plaintiff next says the officers handcuffed him and took him to a cell known as the "ice box" because it was so cold in the winter months. (Comp, p. 7). Plaintiff says he remained in the cell for three days. It is unclear if Plaintiff intended to state a second allegation based on the conditions of his cell. If so, Plaintiff has failed to clearly state his claim. For instance, was the cell cold during the specific time Plaintiff was in the cell and if so, what impact did it have on Plaintiff? Did Plaintiff complain to any specific individual about the cell or did any Defendant know of the conditions when Plaintiff was housed in the cell during the three days? If so, Plaintiff should identify these individuals.

In addition, Plaintiff also claims the officers used excessive force again when they "pushed" him into the cell. (Comp., p. 7). Plaintiff provides no further details and has not clearly alleged a second incident of excessive force. *See Jones v. Walker,* 358 Fed. Appx. 708, 713 (7th Cir.2009) (holding that a single shove that results in bruising is *de minimis* force that will not support a claim of excessive force).

Plaintiff says he was then moved to another cell, but jail staff did not provide him with his books and religious items. Again, it is not clear if Plaintiff was attempting to state another claim, but he has not provided enough information. If Plaintiff was attempting to state a First Amendment claim based on his religious items, he must identify his religion, what items were taken, and why he needed those items to practice

his religion.  In addition, Plaintiff must state whether he told anyone he needed the items to practice his religion, and the response he received.

Finally, Plaintiff says his due process rights were violated because he was placed on 24-hour lockdown for two weeks and on maximum security lockdown for 67 days. Plaintiff claims he did not receive a disciplinary review hearing until February 1, 2020. It is possible Plaintiff may be able to state a due process violation, but again he must clarify his intended claim.  It appears Plaintiff did receive a disciplinary ticket, but it is not clear from his complaint.   Therefore, Plaintiff should state if he received a disciplinary ticket or notification of any potential rule violations?  Was he informed why he was moved to a more secure unit?  What was the result of the disciplinary hearing?  And again, Plaintiff must identify the individuals who were specifically involved in his claim.

Plaintiff finally claims Defendants Nurse Jane Doe and Nurse Tracey Burgard were deliberately indifferent to his serious medical condition.  However, it appears Plaintiff did receive some medical care. It is unclear if Plaintiff is simply alleging he disagrees with the decision not to provide him with an x-ray, or Plaintiff is alleging he continued to suffer in pain, but no further care was provided.  If Plaintiff wishes to pursue a claim based on deliberate indifferent to a serious medical condition, he must provide more information including his specific injury.  In addition, did Plaintiff continue to request additional medical care and if so, why and what response did he receive?  Finally, Plaintiff must clearly explain the involvement of each named Defendant.

Based on Plaintiff's complaint, he has alleged one excessive force claim against Defendants McKinney, Abernathy, and Deputy Joe Doe. If Plaintiff would like to pursue any of the other potential claims mentioned in his complaint, he must file a motion for leave to amend within 21 days of this order. Plaintiff's amended complaint must stand complete on its own and must not refer to his pervious complaint. Plaintiff should use the complaint form provided and state each claim only one time to avoid confusion. Plaintiff must provide the information outlined in this order and must state whether he was pretrial detainee or a convicted prisoner at the time of the allegations to clarify which legal standard applies to his claims.

Finally, Plaintiff has filed a motion to proceed in forma pauperis (IFP), but has not provided the required copy of his Trust Fund Ledgers for the previous six months. [3]; *see also* 28 U.S.C. §1915(a)(2). The Clerk has requested these documents, but Plaintiff is ultimately responsible for providing the required financial information. [4]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants McKinney, Abernathy, and Deputy Joe Doe used excessive force on December 6, 2019 when they grabbed his wrists and tackled him to the floor causing injury to his shoulder. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Louis Glossip, Tracey Burgard, and Nurse Jane Doe for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 19th day of February, 2020.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE